IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE REAL ESTATE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:24-cv-00454-RAH ) |
| FRANKENMUTH INSURANCE CO., | ) ) ) |
| Defendant. | ) |

# **ORDER**

On August 7, 2025, the Magistrate Judge recommended that Defendant Frankenmuth Insurance Company's *Motion for Summary Judgment* be granted. (*See* doc. 35.)  The Recommendation largely was premised upon Plaintiff Progressive Real Estate LLC's (PRE) failure to support its breach of contract claim with any admissible evidence from an expert witness to prove damages. PRE has objected, to which Frankenmuth has filed a response, and PRE a reply.  PRE's objections are ripe for decision.

When a party objects to a Magistrate Judge's report and recommendation, the district court must review the disputed portions *de novo*.  28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990);  *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009).  However, objections to the

Magistrate Judge's report and recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a report and recommendation is reviewed for clear error. *Id.*

The failure to present an expert witness to speak to the issue of PRE's contract damages was the primary basis for the Magistrate Judge's recommendation that Frankenmuth's summary judgment be granted. The crux of PRE's current objections to that recommendation is that it need not present expert witness testimony on contract damages and that the record contains sufficient *other* evidence of damages in the form of a sworn proof of loss with an attached contractor estimate, which is corroborated by PRE's allegations in its Complaint. None of PRE's objections are persuasive or show error with the Magistrate Judge's recommendation.

First, to the extent PRE relies upon the allegations in its Complaint as the source of that evidence, the assertion is rejected. Allegations in an unverified complaint do not constitute substantive, admissible evidence at the summary judgment stage. *Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 252 n.3 (11th Cir. 2005).

Second, PRE places significance on a Proof of Loss (POL) form executed on behalf of PRE that contained a repair estimate from ServePro. The existence of the POL, or that it was submitted by PRE to Frankenmuth during the claims process, are not disputed. PRE instead presents the POL as substantive evidence of contract damages. While it may exist and may have been submitted by PRE to Frankenmuth during the course of Frankenmuth's adjustment of the claim, PRE still is attempting to offer the contractor estimate as substantive evidence of cause and scope of repair damages on PRE's breach of contract claim. The POL and the attached estimate, for the purpose of which they are being offered by PRE, constitute the type of evidence that must be supported by expert witness testimony to be admissible at trial.

2

*See, e.g.*, *Matthews v. State Farm Fire & Cas. Co.*, 500 F. App'x 836, 841 (11th Cir. 2012); *Ivy Marine Consulting, LLC v. Monarch Energy Partners, Inc.*, 17-0563-WS-N, 2019 WL 1173356, at *2 n.4 (S.D. Ala. Mar. 13, 2019); *Frankenmuth Mut. Insurance Co. v. Five Points West Shopping City, LLC*, No. 2:20-cv-1288-KOB, 2022 WL 949888 (N.D. Ala. Mar. 29, 2022). As presented and offered by PRE, the estimate is unauthenticated, unsigned, and largely void of support, and therefore it constitutes clear hearsay when offered as substantive evidence of contractual damages. That the estimate was attached to a sworn POL by PRE and sent to Frankenmuth does not change the estimate into one that becomes admissible for the purpose of proving damages. Nor does it become admissible as a business record under Fed. R. Evid. 803(6). It could be admissible for other purposes (e.g., notice); but for damages—the matter sought to be asserted in the estimate—it is not.

The estimate does contain the name Sherri Adams within the estimate, but no affidavit or other substantiating testimony has been provided that suggests she authored the estimate or would otherwise be qualified to give damages testimony in court. At best, she is an "estimator," and even if qualified, PRE never offered or disclosed her as an expert witness, even a non-retained one.

In short, the POL and attached estimate are hearsay, are not admissible absent expert testimony, and do not constitute substantive evidence creating a question of fact on PRE's breach of contract claim.

PRE also argues that Reza Esmaili can testify as to damages. Esmaili, who is apparently the owner of PRE, signed the POL on behalf of PRE, and according to PRE, can testify to the value of the insured premises. PRE states that case law provides that property owners are competent to testify to the value of their property in certain situations and therefore Esmaili can testify to the subject property's value here. But Esmaili is again being offered to provide testimony in an area where an expert witness is needed. He cannot testify to the contents of the substantive

3

contractor's estimate itself, and in any event, the diminution in value of the property is not the appropriate measure of damages when the claim is based on physical damage to the insured premises. Instead, if Frankenmuth was obligated to pay under the policy, those damages would stem from a determination of the actual cash value of the property at the time of loss. That computation would have required calculation of the cost to repair or replace the covered property at the time of loss, and been subject to a deduction for depreciation, deterioration, or obsolescence. Esmaili can testify to neither, nor did PRE ever disclose that he would.[1]

The fact remains that the nature and type of breach of contract claim advanced by PRE requires expert testimony on the issue of damages flowing from the breach. PRE did not disclose an expert witness, retained or non-retained. Merely because PRE holds a POL that attaches an estimate from a nonparty contractor does not mean that the POL and estimate are admissible as substantive evidence of damages, especially absent proper expert disclosure. The POL and estimate may be admissible for other reasons, but for damages they are not. As such, the Magistrate Judge correctly concluded that summary judgment was due to be granted on the claim for breach of contract.

And since a claim for bad faith cannot exist in the absence of showing a breach of contract, *see, e.g., Continental Elec. Co. v. American Empl. Ins. Co.*, 518 So. 2d 83, 86 (Ala. 1987), the Magistrate Judge correctly recommended that summary judgment be granted on that claim too, as there can be no bad faith claim when there is no breach of contract claim.[2] *See, e.g., Johnson v. State Farm Fire & Cas. Co.,*

---

[1] PRE also never submitted initial disclosures as required under the Federal Rules of Civil Procedure, and therefore never provided a computation of the damages it was claiming. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

[2] Although a generous reading of the Complaint (*see* doc. 1-2 at 4, stating "The Defendants failed or refused to investigate whether there was a debatable reason for refusal to pay the claim.") suggests that PRE arguably attempted to plead an abnormal bad faith claim, PRE does not contest

4

No. 12-00534-N, 2013 WL 4607548, at *15 (S.D. Ala. Aug. 29, 2013); *Nationwide Ins. Co. v. Nilsen*, 745 So. 2d 264, 269 (Ala. 1998)

All told, the Court finds no error with the recommendation of the Magistrate Judge.[3] And further, to the extent PRE requests this Court to grant PRE leave to amend the Complaint, reopen discovery, allow a late expert witness, or to allow Sheri Adams testify as an expert witness, the request is denied for the same reasons the request previously was denied (*see* doc. 34) on July 30, 2025.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

(1) Plaintiff's *Objections To The Magistrate Judge's Report And Recommendation* (doc. 36) is **OVERRULED**;

(2) Plaintiff's *Reply and Motion to Allow Sheri Adams to Testify As To Damages* (doc. 39), to the extent it requests leave to reopen discovery to allow Sheri Adams to testify, is **DENIED**;

(3) The Report and Recommendation (doc. 35) of the Magistrate Judge is **ACCEPTED AND ADOPTED**;

(4) Defendant Frankenmuth Insurance Company's *Motion for Summary Judgment* (doc. 22) is **GRANTED**; and,

(5) A separate judgment will issue.

**DONE** and **ORDERED** on this the 1st day of October 2025.

R. AUSTIN HUFFAKER, JR.

---

the Magistrate Judge's finding that PRE did not plead such a claim. Nevertheless, even if properly pleaded, the expert witness-damages issue proves fatal to that claim also.

[3] PRE also claims error in that the Magistrate Judge did not address Frankenmuth's alternative argument for summary judgment; that is, application of the vacancy provision. (*See* doc. 36 at 7.) The Magistrate Judge was under no obligation to address this issue, nor is this Court under such an obligation either, since the expert witness-damages issue is dispositive.

UNITED STATES DISTRICT JUDGE